LANDERS LAW GROUP, P.C.
ROY L. LANDERS, BAR#64920
10679 WESTVIEW PARKWAY
SAN DIEGO, CALIFORNIA 92126
Tel: 858-433-9263
Fax: 858-433-9251

Attorney for Plaintiff, Darlene Wadler

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE WADLER, an individual, | Case No.: 5:17-cv-00052 |
| Plaintiff, | COMPLAINT FOR DAMAGES RE: |
| v. | 1. VIOLATION OF CIVIL RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT (ADA) |
| RIVERSIDE COUNTY REGIONAL MEDICAL CENTER FOUNDATION, a California corporation  AND DOES 1-10, INCLUSIVE | 2. VIOLATION OF CIVIL RIGHTS UNDER CALIFORNIA DISABLED PERSONS ACT [CC §§ 51, 52] |
| Defendants | 3. SECTION 504 OF THE REHABILIATION ACT OF 1973; |
| | 4. NEGLIGENCE/NEGLIGENCE PER SE |
| | 5. UNFAIR BUSINESS PRACTICE [CALIF. BUS & PROF. CODE 17200] |
| | 6. INJUNCTIVE RELIEF |
| . | DEMAND FOR JURY TRIAL |

//
//
//
//
//

1

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS

# INTRODUCTION

1. This complaint is based upon facts and circumstances that plaintiff, Darlene Wadler, contends violated her civil rights as a deaf person under the Americans with Disabilities Act (ADA) and related federal and statutory rules and regulations which required defendant to provide her services at its facility that accommodated plaintiff's lack of ability to communicate in a spoken manner.

2. As a result of her treatment while a patient at defendant's medical facility, she claims to have been denied effective communication in her language as a deft person and as a result suffered discrimination, humiliation, lack of proper evaluation, mistreatment and mental and emotional distress.

3. Plaintiff has been deaf the entirety of her life. She primarily communicates through American Sign Language ("ASL").

4. Ms. Wadler alleges that defendants, RIVERSIDE COUNTY REGIONAL MEDICAL CENTER FOUNDATION ("Medical Center") and certain unidentified Doe defendants failed to provide effective communication while administering medically necessary health care services to her during her evaluation and treatment between the dates of January 14, 2015 and January 16, 2015.

5. The lack of communication caused confusion, humiliation, frustration, anger and denial of effective treatment for the purpose she was admitted into defendant's facility.

6. Defendants failed and refused to provide proper and effective communication to plaintiff as a deaf person, ignored her attempts and the attempts of her family members to obtain effective communication and or to communicate with her.

7. Plaintiff was unable to communicate and understand what was being done to try to assist her or if there was any attempt to assist her.

8. Despite plaintiff's attempts to communicate with Medical Center staff and employees, she was unable to obtain any assistance and felt ignored and uncared for the entire time of her stay at Medical Center.

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS

9. Defendant's failure to provide effective communication constitutes a violation of Title III of the ADA (42 U.S.C. §§1281, et. seq), Section 504 of the Rehabilitation Act ('Section 504"); (29 U.S.C. §§794, et. seq.), the California Disabled Persons Act as codified in Cal. Civil Code §§51, 52) and the California Business and Professions Code Section 17200, et.seq.as well as common law actions which plaintiff alleges herein.

10. Plaintiff further alleges that defendants, and each of them, discriminated against her solely by reason of plaintiff's disabilities and by failing to have an established procedure for providing effective communication to plaintiff and other deaf persons or failing and refusing to follow any such procedure that may have been in place all in violation of plaintiff's civil rights under the ADA, Section 504 and their implementing regulations, which also constitute violations of the California Disabled Persons Act.

## JURISDICTION AND VENUE

11. This action arises, in part, under the ADA and therefore provide the Court jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), and has jurisdiction over claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

12.  Venue is proper in the Central District of California under 28 U.S.C. § 1391(b), as the events involved in this complaint occurred in this judicial district.

## PARTIES

13.  At all times herein, plaintiff Darlene Wadler, a resident of Riverside County California, is and has been a deaf person, which substantially limits her hearing and communications and requires effective alternative speech accommodation in order for her to effectively communicate person to person. Because of this condition, she is and at all relevant times has been a person with a disability within the meaning of the ADA and California Government Code §12926. Plaintiff communicates via American Sign Language (ASL), utilizing the services of a trained and qualified certified ASL interpreter in conversations with hearing individuals, particularly when conducting important business such as medical care.

3

14. Plaintiff requires the services of a qualified sign language interpreter for communications that are lengthy and/or contain complex information. As such, she requires the services of a certified language interpreter to effectively communicate to ensure she receives proper medical care.

15. Defendant, Medical Center, is a duly organized California corporation and at all times herein maintained a medical facility within the County of Riverside, California rendering medical and mental healthcare to the public. Accordingly, Medical Center is a public accommodation as defined under the ADA and required to comply with accommodation to the public as outlined in Title III of the ADA.

16. Plaintiff is informed and believes and thereon alleges that Medical Center, during the time of the incidents alleged herein, was a recipient of federal financial assistance within the meaning of Section 504.

17. Plaintiff is unaware of the true names and capacities of the Doe defendants named herein and therefore sues them in their fictitious names as Doe defendants. Plaintiff is informed and believes that each of the Doe defendants were and are in some manner responsible for the acts and circumstances that resulted in the damages she claims in this action and at the time they each were acting in a representative capacity on behalf of themselves, individually and collectively, and on behalf of defendant Medical Center.

18. Plaintiff further contends that each Doe defendant named herein was acting in concert with each other and was the agent, principal, subsidiary, representative, alter ego, officer, employee, employer, manager, director, shareholder, partner of each other and in doing the things complained of in this complaint was the proximate cause of the injuries to and denial of plaintiff's civil rights.

19. Plaintiff reserves the right to amend this complaint to name each Doe in his, her or its individual name and capacity should the same be ascertained during the court of this lawsuit.

//

//

//

4

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS

## FACTS AND CIRCUMSTANCES COMMON TO ALL CLAIMS

20.  During the time period of early January 2015, plaintiff experienced episodes of depression, anxiety and emotional distress due to circumstances occurring in her life. On or about January 14, 2015 and through January 16, 2015 she was taken to defendant Medical Centers' facility by law enforcement personnel for purposes of possible admission and evaluation under Section 5150 of the California Welfare and Institutions Code, which provides for the detention of mentally disordered persons for evaluation and treatment in an appropriate manner.

21. Upon her arrival at Medical Center she was admitted against her will and kept in confinement from January 14, 2015 to January 16, 2015. During this period of time, plaintiff was denied the ability to communicate effectively with Medical Center personnel and was also denied access to her family members who attempted to see her and assist her during the period of time she was confined against her will.

22. Between January 14, 2015 and January 16, 2015 plaintiff attempted to communicate with Medical Center staff to no avail. Through hand movement and body movement she gestured that she could not hear and needed help communicating. Her attempts to communicate were either not understood or ignored.

23. During the entire period of time plaintiff spent at Medical Center, she contends that her civil rights under the ADA; Section 504 and the California Disabled Persons Act was violated in the following manner:

(a) Medical Center failed to provide her with effective communication via an ASL qualified interpreter to assist in receipt of proper understanding of what was expected from plaintiff, what Medical Center's intended plan to help her consisted of and how long she would be held against her will.

(b) Medical Center provided for telephone use by hearing patients to call family and/or other persons during her involuntary confinement, but failed to provide plaintiff with a video access phone that would have allowed her to communicate with family.

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS

(c) Medical Center provided T.V. viewing for other hearing patients during her stay but plaintiff could not understand or enjoy the same accommodation because the T.V.'s at the facility failed to provide closed caption for the deaf to understand what was being said. Plaintiff requested access to a close captioned T.V. programming. It was not provided my defendants.

(d) Plaintiff was not provided a bed at Medical Center. She was forced to sit in a wheelchair and use the wheelchair to sleep in. Other patients were provided with beds.

(e) Plaintiff's spouse attempted to bring personal effects to plaintiff for her use and comfort during her involuntary confinement but they were denied access to her.

(f) Plaintiff's spouse requested that she be provided with effective communication during her stay, but the request was not granted.

(g) Medical Center failed to provide alternative means of effective communication to plaintiff such as video remote interpreting ("VRI"). VRI is a video conferencing technology that is designed to allow a sign language interpreter in a remote location to visually and aurally present the room and interpret communication between a deaf person using sign language and a hearing person who is speaking.

(h) Plaintiff attempted to communicate as best she could by scribbling notes, but this method proved ineffective for communication purposes and for facilitating getting the treatment she needed.

24. Plaintiff was ultimately seen by a physician for only a few minutes and then she was discharged on January 16, 2015 at approximately 3:30 pm. During the time she was seen by the doctor she was deprived of effective communication because there was no ASL interpreter to assist with her communication efforts.

25. At the time of her discharge, on January 16, 2015, plaintiff was not provided any effective communication either via a qualified ASL interpreter or VRI to consult about discharge instructions, any results from any claimed evaluations performed by Medical Center and its medical personnel or what she should be doing with regard to any follow up care. She was discharged without any clear understanding of her medical or mental condition or follow up care required, if any.

6

26. Despite the fact that she was admitted involuntarily under 5150 of the Welfare and Institutions, said statute and its companion regulations does not strip plaintiff of basic human rights she was entitled to under the ADA and other relevant accommodating statutes designed for the disable such as being treated with dignity and respect, provided with a safe and secure surroundings and to be provided with effective communication with a modality that would accommodate her.

27. Defendant's failure to effectively communicate with plaintiff denied her participation in her own medical treatment, in violation of federal and state disability rights law. In addition, defendants' actions plainly indicate a lack of knowledge and training regarding the rights of persons with disabilities.

28. As a result of defendants' failure to provide effective communication during her involuntary confinement, plaintiff experienced confusion, stress, much anxiety, humiliation and emotional distress, because plaintiff did not understand information regarding the reason or rationale for her involuntary confinement and was denied the ability to communicate and express concerns or receive updates about her own medical and mental condition during the time she was in defendant's medical facility.

29. As a result of the manner in which she was treated, plaintiff is deterred from returning to Medical Center for further treatment under voluntary conditions, but would return if defendants' facility implemented proper policies and procedures to ensure deaf and hard of hearing patients receive appropriate auxiliary aids to achieve effective communication.

30. Plaintiff brings this action for violation of her civil rights under Title III of the ADA, the California Disable Persons Act, Section 504 and common law claims and seeks damages and injunctive relief accordingly to proof at time of trial.

31. In addition, plaintiff seeks damages, declaratory relief, and injunctive relief prohibiting defendants from unlawfully failing to provide individuals who are deaf and hard of hearing with effective communication while receiving medical and mental services. Plaintiff also seeks injunctive relief requiring defendants to create or modify written policies, procedures, and

employee training regarding how to effectively communicate with patients who are deaf or hard of hearing.

## FIRST CLAIM FOR RELIEF

### Violation of Title III of the Americans with Disabilities Act

32. Plaintiff realleges the allegations of Paragraphs 1-31 as though set forth fully herein and incorporates them herein by reference. This claim is against all defendants.

33. Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. §12101(a) (2).

34. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. §12101(b) (1)-(2).

35. Title III of the ADA provides in pertinent part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by a person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182.

36. The ADA further provides that "it shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individuals or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from goods, services, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. §12182(b) (1) (A) (ii).

37. In addition the ADA further prohibits "a failure to make reasonable modification in policies, practices, or procedure, when such modifications are necessary to afford such goods, services, facilities, privileged, advantages, or accommodations to individuals with disabilities..." 42 U.S.C. §12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a) (2010).

38. Discrimination under the ADA includes a "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services…" 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. §36.303(a) (2010)

39. Pursuant to the Americans with Disabilities Act Access Guidelines (ADAAG), a public facility such as defendants herein, is mandated to provide effective communication, through the provision of appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. This includes an obligation to provide effective communication to companions who are individuals with disabilities. 28 C.F.R. § 36.303 (c) (1) (2010)

40. The ADA also mandates "[i]n order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303. (c)(1)(ii) (2010)

41. Specifically, ADA regulations establish required performance standards to ensure that communication is effective: "[a] public accommodation that chooses to provide qualified interpreters via VRI service shall ensure that it provides:

(1) Real-time, full-motion video and audio over a dedicated high-speed, , wide-bandwidth video connect or wireless connection that delivers high-quality video images that do not produce lags, choppy, blurry, or grainy images, or irregular pauses in communication;

(2) A sharply delineated image that is large enough to display the interpreter's face, arms, hands, and fingers, and the participating individual's face, arms, hands, and fingers, regardless of his or her body position; (3) A clear, audible transmission of voices; and (4) Adequate training to users of the technology and other involved individuals so that they may quickly and efficiently set up and operate the BRI." 28 C.F.R. § 36.303(f) (2010).

42. The federal regulations implementing Title III of the ADA also provide: "A public accommodation shall maintain in operable working condition those features of facilities and

//

//

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS

equipment that are required to be readily accessible to and usable by persons with disabilities by the Act of this part." 28 C.F.R. § 36.211 (a) (2010).

43. Plaintiff, at all relevant times, has been an individual with a disability within the meaning of the ADA.

44. Defendants medical facility is a place of public accommodation within the meaning of the ADA and Title III therein.

45. By failing to provide effective communication to plaintiff, with regard to services offered by its facility, and failing to properly train employees with appropriate methodology of delivering appropriate accommodation to persons with disabilities, defendants have violated Title III of the ADA and specifically the civil rights of plaintiff protected thereunder.

46. As result of the discriminatory actions of defendants and each of them, pursuant to 42 U.S.C. § 12188(a), plaintiff is entitled to declaratory and injunctive relief, and an award of reasonable attorneys' fees and costs incurred in the bringing and prosecution of this action

## SECOND CLAIM FOR RELIEF
### Violation of Section 504 of the Rehabilitation Act of 1973

47. Plaintiff realleges the allegations within the First Claim for Relief as though set forth fully herein. This claims is against all defendants.

48. Section 504 of the Rehabilitation Act ("Section 504") provides in pertinent part: "[N]o otherwise qualified individual with a disability…shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance…" 29 U.S.C. §794.

49. At all times relevant herein, plaintiff has been a qualified individual with a disability or regarded or perceived as such by defendants, within the meaning of Section 504 and has met the essential eligibility requirements of rthe receipt of the aids, benefits, services, programs, and activities of defendants.

50. At all times herein, plaintiff is informed, believes, and based thereon, alleges that defendants were recipients of federal financial assistance within the meaning of Section 504.

10

51. Through their acts and omissions described herein, defendants have violated Section 504 and its implementing regulations.

52. Plaintiff is informed and believes, and based thereon, alleges that defendants committed the action and omissions alleged herein with intent, deliberate indifference, and/reckless disregard of plaintiff's rights.

53. As a direct and proximate result of the aforementioned acts, plaintiff has suffered humiliation, hardship, anxiety, indignity, and mental and emotional anguish all in an amount to be determined at time of trial.

54. Pursuant to 29 U.S.C. §794a, plaintiff is entitled to damages, injunctive relief, reasonable attorneys' fees and costs incurred in bringing this action.

## THIRD CLAIM FOR RELIEF
### Violation of California Disabled Persons Act
### Cal. Civ. Code §§ 51, 52 et seq

55. Plaintiff realleges and incorporates by reference the allegations within the Second Claim for Relief. This claim is against all defedants.

56. California's Disabled Persons Act (aka) Unruh Civil Rights Act provides in pertinent part:

**All persons within the jurisdiction of this state are free and equal,
and no matter what their…disability [or] medical condition, are
entitled to the full and equal accommodations, advantages, facilities,
privileges, or services in all business establishments of every kind whatsoever
Cal. Civ. Code § 51(b).**

57. Violation of a right protected by the ADA also constitutes a violation of the California Disabled Persons Act. Cal. Civ. Code § 51(f). As such plaintiff's first claim for relief is expressly incorporated herein and it is alleged the allegations constitute a violation of the California Disabled Persons Act.

58. Plaintiff is a person with a disability within the meaning of the California Disabled Persons Act.

59. Defendants' facility is a business establishment within the meaning of the act as well.

//

//

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS

60. Based upon the foregoing, plaintiff is entitled to declaratory and injunctive relief, as well as up to three times actual damages, but no less than $4,000 per violation, and reasonable attorneys' fee and costs as allowed by Cal. Civ. Code § 52(a)

## FOURTH CLAIM FOR RELIEF

### Negligence/ Negligence Per Se

61. Plaintiff realleges the allegations of the Third Claim for Relief and incorporates the same herein. This claim is against all defendants.

62. Defendants and each of them owed a duty of care to plaintiff in the manner in which they undertook to treat, care and support plaintiff, especially under the provisions of California Welfare and Institutions Code §5150, et.seq., which required treatment of plaintiff to be accompanied with clear communication and understanding of why plaintiff was admitted and what she could expect during her involuntary hold. Said statute also provides that any communication must be effective and delivered in a manner that patient would understand.

63. In addition, the ADA, Section 504, and the California Disabled Persons Act placed a duty of care on defendants to act in a manner and to take action to ensure that plaintiff's civil rights as a person with a disability would not be violation and had a duty to take affirmative action to provide reasonable and effective communication to plaintiff as a deaf person.

64. By reason of the actions of defendants, as outlined herein, defendants violated the ADA, Section 504, California Disabled Persons Act and portions of the Section 5150 of the California Welfare and Institutions Act.

65. Defendants violations of said statutes and regulations proximately caused, and were a substantial factor in causing plaintiff's damages as alleged herein. Such damages were reasonably foreseeable to defendants and the acts and omissions to act breached defendants duty of care and caused plaintiff the damages outlined herein.

66. Plaintiff's damages resulted from an occurrence, the nature of which, violated statutes and regulations designed to protect the class of persons to which plaintiff belongs.

67. By virtue of defendants' acts and omissions to act, as alleged herein, they breached their duty of care and caused damages to plaintiff in manner that constitutes negligence and negligence per se.

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS

68. Defendants acts were done in such a manner that they constitute, recklessness and conscious disregard of plaintiff's rights and are sufficient to warrant an award of punitive damages in an appropriate amount.

## FIFTH CLAIM FOR RELIEF

## Violation of California Business and Professions Code 17200

69. Plaintiff realleges and incorporates the allegations of the Fourth Claim for Relief as though set forth fully herein. This claim is against all defendants.

70. Defendants' actions and omissions to act were unlawful and unfair and constitute unlawful business practices in that such actions violated the ADA, Section 504 and the California Disabled Persons Act. Such actions are ongoing and present a clear and present danger to plaintiff and other deaf persons similarly situated who may attempt to obtain healthcare services at defendants' medical facility. Accordingly, plaintiff seeks declaratory and injunctive relief and other remedies as allowed under California Business and Professions Code 17200, et. seq.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, according to proof, on all claims as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For statutory damages as allowed by law;
4. For declaration that defendant's conduct alleged herein violated the civil rights of plaintiff and for an injunction ordering defendants to cease and desist from discriminatory actions against deft persons in violation of the ADA, the Rehabilitation Act, the California Disabled Persons Act and California Business and Professions Code 17200, et.seq.
5. For damages, including attorneys' fees pursuant to the California Disabled Persons Act; 42 U.S.C. § 12205, 29 U.S.C. §794a, and California Code of Civil Procedure 1021.5;
6. For exemplary damages according to proof;
7. For treble damages as allowed under Cal. Civ. Code §52 and 52.1

//
//

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS

8.  For costs of suit incurred and;

9.  For such other and just relief as the Court may deem appropriate.

Dated:  _1/11/17_                              LANDERS LAW GROUP, P.C.

                                              By: _____
                                              Attorney for Plaintiff, Darlene Wadler

COMPLAINT FOR DAMAGES RE VIOLATION OF CIVIL RIGHTS